IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, | : |
| | : |
| v. | : CASE NO.: 7:21-cr-57 (WLS) |
| | : |
| ANTHONY LAMAR WHITE, | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Presently before the Court is Defendant's Motion to Continue Trial in the Interests of Justice, filed March 22, 2022. (Doc. 23.) Therein, Defense Counsel requests that this Court continue the specially set April trial to the next available Valdosta trial term, which begins on May 9, 2022. (Doc. 23) The reason that a continuance is needed is that Defense Counsel and Defendant need additional time to review discovery. (Doc. 23.)

The Court finds that granting a continuance in this case will provide the Defendant a meaningful opportunity to review discovery and effectively prepare for trial. For this reason, the Defendant's Motion for Continuance is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, the Defendant and Defense Counsel need additional time to review discovery. (*Id.*)

1

Accordingly, the Defendant's Motion for Continuance (Doc. 23) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning May 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 23rd day of March 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**