IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| v. : | CASE NO.: 7:21-cr-57 (WLS) |
| : | |
| ANTHONY LAMAR WHITE, : | |
| : | |
| Defendant. : | |
| : | |

**ORDER**

Before the Court is the Defendant's Unopposed Motion to Continue, filed June 23, 2022. (Doc. 33.) Therein, Defendant requests that this Court continue the trial, currently set to begin in August 2022 to the next regularly scheduled trial term. (*Id.*) The Court notes for the purposes of the record that this is the third time that Defendant has requested a continuance. (Docs. 23, 27, 33.)

The reason that a continuance is requested is that Defendant requires additional time to engage in plea negotiations with the Government. (Doc. 33.) Defense Counsel avers that they have engaged in preliminary discussions with the Government and believes that a resolution can be reached before the next trial term. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Defense Counsel needs additional time to engage in plea negotiations with the Government. (Doc. 33.) However, the

Parties are noticed that this is the last continuance on this ground, as ample time to negotiate has been granted.

Accordingly, the Defendant's Motion for Continuance (Doc. 33) is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning November 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this 27th day of June, 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**