# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO.: 7:21-CR-00057 |
| | : |
| ANTHONY LAMAR WHITE, | : |
| | : |
| Defendant. | : |
| | : |

## **ORDER**

The Court held a hearing on the United States Probation Office's Petition (Doc. 50) to revoke Defendant Anthony White's supervised release. This Order memorializes that hearing. Previously, White pleaded guilty to possession with intent to distribute a Schedule II controlled substance (methamphetamine) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii) and 18 U.S.C. § 2. The Petition alleges four violations of his supervised release. (Doc. 50 at 1.)

At the hearing, Defense Counsel acknowledged that White had been provided with a copy of the Petition for revocation and that he had reviewed it with Counsel. The Court advised White of his rights to a hearing on the allegations, in which the Government would be required to prove the allegations by a preponderance of the evidence; to present evidence in his defense; and to testify. White was also advised that he was not required to testify or present a defense and whether he would testify was his decision—all of which White acknowledged he understood. The Court also confirmed from White that he had received the Petition and the Revocation Report (Doc. 63) and reviewed them. White stated that he had spoken to Counsel and wished to stipulate to Violations One, Three, and Four. Because White stipulated to Violations One, Three, and Four, the Government withdrew the allegation of Violation Two. The Court also found that White's waiver of a hearing on the Petition was freely, knowingly, and voluntarily done.

Because White stipulated to Violations One, Three, and Four, the Court found that the violations in the Petition had been established by a preponderance of the evidence.[1]

---

[1] "Due process requires that the court state 'the evidence relied on and reasons for revoking [supervised release.]'" *United States v. Dees*, 452 F. App'x 929, 931 (11th Cir. 2012) (quoting *United States*

1

Once the violations had been established, the Court heard from the Government, Defense Counsel, and Defendant White. Neither White nor the Government objected to the Revocation Report. The Court then declared White's supervised release revoked.

The Court determined White's U.S. Sentencing Guidelines range to be 30 to 37 months based on Grade A violations and a criminal history category of V. The Court determined White's statutory maximum sentence upon revocation of supervised release to be 24 months. Considering the totality of circumstances and the 18 U.S.C. §§ 3553(a) and 3583(e) factors, the Court sentenced White to 24 months imprisonment. The Court found this sentence appropriate to reflect the seriousness of White's conduct and to protect the public. White's imprisonment shall not be followed by a term of supervised release in view of Defendant's extensive probationary sentence under a state court conviction.

For these reasons, the Petition (Doc. 50) is **GRANTED**, and White's supervised release is **REVOKED**. Defendant is sentenced to 24 months imprisonment. After his release, he will not have a term of supervised release.

**SO ORDERED**, this 8th day of December 2025.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

*v. Cope*land, 20 F.3d 412, 414 (11th Cir. 1994)). "This requirement is satisfied when the record is 'sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.'" *Id.* (citations omitted).